UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-01209-MEMF(MAR)**                     Date: June 28, 2022

Title:     *Ricardo Garcia v. Montgomery*

Present:  The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:  (In Chambers) ORDER TO SHOW CAUSE WHY RESPONDENT'S
MOTION TO DISMISS SHOULD NOT BE GRANTED

**I.**
**INTRODUCTION**

Petitioner, Ricardo Garcia ("Petitioner"), proceeding <u>pro se</u>, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 2018 conviction.  ECF Docket No. ("Dkt.") 1 at 2.  Respondent filed a Motion to Dismiss contending Petitioner failed to exhaust state remedies for the second claim.  Dkt. 11 at 4–8.  The second claim appears subject to dismissal because it is unexhausted.  The Court will not make a final determination regarding whether the claim should be dismissed, however, without giving Petitioner an opportunity to request a stay or file an amended petition.

**II.**
**PROCEDURAL HISTORY**

**A.     STATE COURT PROCEEDINGS**

In 2018, in Los Angeles County Superior Court, a jury convicted Petitioner of second degree murder (Cal. Penal Code § 187(a)) and found true the related gang allegation (Cal. Penal Code § 186.22(b)(1)).1).  Dkt. 1 at 2; Dkts. 12-2[1] at 7; 12-3 at 2–3.  Petitioner admitted serving two prior prison terms (Cal. Penal Code § 667.5(b)).  Dkt. 12-2 at 80.  He was sentenced to state prison as

---

[1] The Court's citations to Lodged Documents refer to documents lodged in support of Respondent's May 3, 2022 Motion to Dismiss.  <u>See</u> Dkt. 11.  Respondent identifies the documents in Dkt. 12, as follows:

  (1)    Clerk's Transcript in Los Angeles Superior Court case no. PA084150, Pt. 1 ("Dkt. 12-1");
  (2)    Clerk's Transcript in Los Angeles Superior Court case no. PA084150, Pt. 2 ("Dkt. 12-2");
  (3)    Opinion filed in California Court of Appeal case number B297160 ("Dkt. 12-3");
  (4)    Petitioner Garcia's Petition for Review filed in California Supreme Court case number S264380 ("Dkt. 12-4"); and
  (5)    Order denying Petition for Review in California Supreme Court case number S264380 ("Dkt. 12-5").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-01209-MEMF(MAR)**                                    Date: June 28, 2022

Title:      *Ricardo Garcia v. Montgomery*

follows: fifteen (15) years to life for the murder conviction, plus two (2) years for the prior-prison-term enhancements.  Id. at 174–78.

Petitioner timely appealed his convictions to the California Court of Appeal.  Dkt. 1 at 2–3.  In his appeal, Petitioner presented two (2) issues:

(1) his conviction for murder was not supported by substantial evidence; and
(2) the two prior prison term enhancements imposed against him had to be reversed pursuant to recent changes to Cal. Penal Code section 667.5, subdivision (b).

Dkt. 12-3 at 3.  The California Court of Appeal struck the prison enhancements but otherwise affirmed the judgment.  Id. at 3, 20.  Petitioner filed a Petition for Review in the California Supreme Court, containing two (2) claims:

(1) a three-part sufficiency of the evidence claim; and
(2) a challenge to the state appellate court's finding that Petitioner had forfeited a hearsay argument.

Dkt. 12-4 at 8.  On October 28, 2020, the California Supreme Court denied discretionary review.  Dkt. 12-5.  Petitioner has not filed any state petitions for postconviction relief.  Dkt. 1 at 3–5.

**B.      FEDERAL HABEAS PROCEEDINGS**

On September 15, 2021, Petitioner constructively filed[2] the instant Petition.  Dkt. 1 at 19.  The Petition appears to present the following four (4) claims:

(1) There was insufficient evidence to support Petitioner's conviction ("Claim One");
(2) The police detective's testimony as to the cause of death violated Petitioner's Sixth Amendment right to confrontation ("Claim Two");
(3) The trial court erroneously denied Petitioner's motion for acquittal under California Penal Code section 1118.1 ("Claim Three"); and
(4) The California Court of Appeal erred when, in rejecting Petitioner's sufficiency of the evidence claim on the merits, it found that Petitioner had forfeited his hearsay challenge to the detective's cause-of-death testimony because Petitioner failed to object at trial.

Id. at 5–17.

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-01209-MEMF(MAR)**                              Date: June 28, 2022

Title:      _Ricardo Garcia v. Montgomery_

On May 3, 2022, Respondent filed a Motion to Dismiss contending Petitioner failed to exhaust his state remedies for Claim Two.  Dkt. 11 at 4.  On June 3, 2022, Petitioner filed a "Notice of Non-opposition," in which he appeared to concede Claim Two is unexhausted and seek leave to request a stay.  Dkt. 14.  Respondent filed a Reply, reiterating their request to dismiss the Petition or strike Claim Two and asking for the opportunity to respond to any future request for a stay.  Dkt. 16.

**III.**
**DISCUSSION**

**CLAIM TWO APPEARS SUBJECT TO DISMISSAL**

**A.     CLAIM TWO HAS NOT BEEN PROPERLY EXHAUSTED**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

Here, although Petitioner filed a petition for review of the California Court of Appeal decision with the California Supreme Court, his petition did not include Claim Two.  Dkt. 1; Dkt. 12-4.  In his petition for review, Petitioner argued there was no admissible evidence that the victim died of blunt force trauma because the detective's testimony as to cause of death was inadmissible hearsay.  Dkt. 12-4 at 8, 17–31.  This claim is related to, but distinct from, Claim Two: The detective's testimony as to the cause of death violated Petitioner's Sixth Amendment right to confrontation.  Dkt. 1 at 5.  Petitioner did not cite the Sixth Amendment, the confrontation clause, or otherwise identify this "federal legal basis" for his claim in his petition for review, and as such, the state courts have not had "one full opportunity" to decide Claim Two.  See O'Sullivan, 526 U.S. at 845; Gatlin, 189 F.3d at 888.  Indeed, Petitioner does not argue Claim Two is identical to the discovery claim presented in his petition for review and seems to concede that Claim Two has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-01209-MEMF(MAR)**                                      Date: June 28, 2022

Title:      *Ricardo Garcia v. Montgomery*

been fairly presented to the California Supreme Court.  Dkt. 16 at 1–2.  Accordingly, Claim Two has not been properly exhausted and appears subject to dismissal.

**B.      PETITIONER HAS NOT SHOWN THAT CLAIM TWO IS "TECHNICALLY EXHAUSTED"**

A claim that was not "properly exhausted," however, may be "technically exhausted" if the claim is procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 732 (1991) (A petitioner who has "defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."); see also Smith v. Baldwin, 510 F.3d 1127, 1138 (9th Cir. 2007).  "If the petitioner fails to present his federal claims to the state's highest court, and if he is procedurally barred from presenting those claims to the appropriate state court at the time of filing his federal habeas petition, the petitioner's claims are considered procedurally defaulted for purposes of federal habeas review."  Smith, 510 F.3d at 1138 (citing O'Sullivan, 526 U.S. at 848).

A petitioner may overcome procedural default by demonstrating either (1) actual innocence or (2) cause and prejudice.  Smith, 510 F.3d at 1139.  To demonstrate "actual innocence," a petitioner must show that, "in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime."  Id. at 1140.

Petitioner does not appear to argue his claim is technically exhausted.  See Dkt. 14.  To the extent he does, as Respondent notes, it is not "clear" the California Supreme Court would find the claim procedurally barred.  Accordingly, the state court should have the first opportunity to hear, and potentially correct, Petitioner's claim of constitutional error.

**IV.**
**ORDER**

Thus, the Court **ORDERS** Petitioner to respond to this Order to Show Cause **no later than July 11, 2022** by electing one of the following options:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-01209-MEMF(MAR)**                                        Date: June 28, 2022

Title:      *Ricardo Garcia v. Montgomery*

1.      File a motion requesting a stay pursuant to either <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) ("<u>Rhines</u> stay")[3] or <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) ("<u>Kelly</u> stay")[4]; or

2.      File a First Amended Petition, striking Claim Two.

If Petitioner fails to demonstrate he is entitled to a <u>Rhines</u> or <u>Kelly</u> stay, **or fails to respond by July 19, 2022**, the Court will grant Respondent's Motion to Dismiss with respect to Claim Two.

**IT IS SO ORDERED.**

---

[3] Under <u>Rhines</u>, 544 U.S. 269, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. <u>Id.</u> at 276; <u>see</u> <u>Mena v. Long</u>, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in <u>Rhines</u>). This stay and abeyance procedure is called a "<u>Rhines</u> stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. <u>Rhines</u>, 544 U.S. at 277-78. The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court. <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir. 2014).

If Petitioner seeks a <u>Rhines</u> stay, he must show there is "good cause" for his failure to exhaust his unexhausted claim(s) in state court.

[4] Under <u>Kelly</u>, the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. 315 F.3d at 1070-71. Unlike a <u>Rhines</u> stay, a <u>Kelly</u> stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." <u>King v. Ryan</u>, 564 F.3d 1133, 1135. A <u>Kelly</u> stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." <u>Id.</u> (citing <u>Kelly</u>, 315 F.3d at 1170-71). Thus, while "<u>Rhines</u> allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . <u>Kelly</u> allows the stay of <u>fully exhausted</u> petitions, requiring that any unexhausted claims be dismissed." <u>Id.</u> at 1139-40 (emphasis in original) (citing <u>Jackson</u>, 425 F.3d at 661).

While a <u>Kelly</u> stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA. 28 U.S.C. § 2244(d)(1); <u>see also</u> <u>King</u>, 564 F.3d at 1140-41 ("A petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely.") After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" <u>Id.</u> at 1141 (internal citations omitted).

The Court warns Petitioner that even if he obtains a <u>Kelly</u> stay, any newly-exhausted claim(s) may be time-barred when Petitioner would file his First Amended Petition.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:22-cv-01209-MEMF(MAR)**                                    Date: June 28, 2022

Title:       *Ricardo Garcia v. Montgomery*

|  | : |
|---|---|
| **Initials of Preparer** | eb |